**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
|    Jean L. Donnelly, | : | |
|        Debtor. | : | Bankruptcy No. 18-12168-MDC |

# O R D E R

**AND NOW**, on April 26, 2018, Jean L. Donnelly (the "Debtor") caused to be filed a reaffirmation agreement with creditor Gateway One Lending & Finance, LLC (the "Reaffirmation Agreement").[1]

**AND**, the Debtor was represented by an attorney during the course of negotiating the Reaffirmation Agreement.

**AND**, the attorney filed a certification that the Debtor was counseled in accordance with 11 U.S.C. §524(c)(3).

**AND**, the Debtor acknowledged in writing receipt of the disclosures described in 11 U.S.C. §524(k) at or before the time the Debtor signed the Reaffirmation Agreement.

**AND**, there is no material difference between the income and expenses disclosed by the Debtor pursuant to 11 U.S.C. §524(k)(6)(A) and the income and expenses stated on Schedules I and J.

**AND**, there is no presumption of undue hardship pursuant to 11 U.S.C. §524(m)(1).

It is hereby **ORDERED** and **DETERMINED** that:

1. No reaffirmation hearing is necessary. *See* 11 U.S.C. §§524(d) & (m).

2. Court approval of the Reaffirmation Agreement is unnecessary. *See* 11 U.S.C. §524(c) (not conditioning enforceability of reaffirmation agreement on court approval); 11 U.S.C. §524(c)(6)(A) (requiring court approval of Reaffirmation Agreement only upon certain conditions); 11 U.S.C. §524(m)(1) (the court "shall" review presumption of undue hardship if it arises).

---

[1] Bankr. Docket No. 15.

Dated: June 4, 2018

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Paul H. Young, Esquire
Young, Marr & Associates
3554 Hulmeville Road, Suite 102
Bensalem, PA 19020

Robert H. Holber, Esquire
Robert H. Holber PC
41 East Front Street
Media, PA 19063

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107