United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 18-12168-mdc
Jean L Donnelly                                                           Chapter 7
           Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Antoinett          Page 1 of 1          Date Rcvd: Jun 04, 2018
                             Form ID: pdf900           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 06, 2018.
db              +Jean L Donnelly,    27 Noblewood Lane,    Levittown, PA 19054-3425

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                         TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 06, 2018                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 4, 2018 at the address(es) listed below:
          ANN E. SWARTZ    on behalf of Creditor    MB Financial Bank, National Association
          ecfmail@mwc-law.com,  ecfmail@mwc-law.com
          PAUL H. YOUNG    on behalf of Debtor Jean L Donnelly support@ymalaw.com,  ykaecf@gmail.com,
          paullawyers@gmail.com,pyoung@ymalaw.com
          RAYMOND M. KEMPINSKI    on behalf of Creditor    MB Financial Bank, National Association
          rkempinski@mwc-law.com,  ecfmail@mwc-law.com
          REBECCA ANN SOLARZ    on behalf of Creditor    MBFinancial Bank, National Association
          bkgroup@kmllawgroup.com
          ROBERT H. HOLBER    trustee@holber.com,  rholber@ecf.epiqsystems.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                         TOTAL: 6

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In re:                                     :   Chapter 7

        Jean L. Donnelly,             :

                Debtor.         :   Bankruptcy No. 18-12168-MDC

# <u>O R D E R</u>

**AND NOW**, on April 26, 2018, Jean L. Donnelly (the "Debtor") caused to be filed a reaffirmation agreement with creditor Gateway One Lending & Finance, LLC (the "Reaffirmation Agreement").[1]

**AND**, the Debtor was represented by an attorney during the course of negotiating the Reaffirmation Agreement.

**AND**, the attorney filed a certification that the Debtor was counseled in accordance with 11 U.S.C. §524(c)(3).

**AND**, the Debtor acknowledged in writing receipt of the disclosures described in 11 U.S.C. §524(k) at or before the time the Debtor signed the Reaffirmation Agreement.

**AND**, there is no material difference between the income and expenses disclosed by the Debtor pursuant to 11 U.S.C. §524(k)(6)(A) and the income and expenses stated on Schedules I and J.

**AND**, there is no presumption of undue hardship pursuant to 11 U.S.C. §524(m)(1).

It is hereby **ORDERED** and **DETERMINED** that:

1.      No reaffirmation hearing is necessary.  *See* 11 U.S.C. §§524(d) & (m).

2.      Court approval of the Reaffirmation Agreement is unnecessary.  *See* 11 U.S.C. §524(c) (not conditioning enforceability of reaffirmation agreement on court approval); 11 U.S.C. §524(c)(6)(A) (requiring court approval of Reaffirmation Agreement only upon certain conditions); 11 U.S.C. §524(m)(1) (the court "shall" review presumption of undue hardship if it arises).

---

[1] Bankr. Docket No. 15.

Dated:  June 4, 2018

*Magdeline D. Coleman*

MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Paul H. Young, Esquire
Young, Marr & Associates
3554 Hulmeville Road, Suite 102
Bensalem, PA 19020

Robert H. Holber, Esquire
Robert H. Holber PC
41 East Front Street
Media, PA 19063

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

2